## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

LEONARD M. SHUSTER,

       Petitioner,

v.                               CASE NO:  5:10-CV-443-Oc-30TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

       Respondents.

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Leonard M. Shuster's Petition for Writ of Habeas Corpus (Dkt. #1) filed pursuant to 28 U.S.C. § 2254, Respondents' Response (Dkt. #11), and Petitioner's Reply (Dkt. #13).  Upon consideration, the Court concludes that the petition is due to be denied on the merits.

According to the State, Shuster "was charged with one count of use of internet to lure a child, one count of traveling to meet minor for illegal sexual conduct, 25 counts of transmitting pornography via electronic device or equipment, 22 counts of possession of child pornography, one count of attempted lewd and lascivious battery, one count of attempted sexual battery on a victim less than 12, and 523 counts of obscene communication." Response (Dkt. #11), pp. 1-2.  Shuster was facing a lengthy state criminal sentence and, additionally, federal prosecutors were aware of Shuster's state case.  The federal prosecutors told both the state prosecutor and Shuster's defense lawyers that if plea

negotiations broke down with the State, Shuster would be charged with federal offenses, at least one of which carried a 30 year minimum mandatory sentence.  In fact, Shuster's defense lawyers were told that if they engaged in any type of significant adversarial discovery, "the Feds would pick up the charges."  Transcript of change of plea and sentencing hearing, Appendix, Exh. D, Response, p. 21.

Shuster's attorneys were able to negotiate a plea with the State in which Shuster would only get fifteen years imprisonment followed by ten years of sex offender probation. Shuster agreed and executed a written plea agreement with the State.  As an added benefit, the federal government agreed not to file any federal charges.

Shuster now brings two claims of ineffective assistance of counsel, both of which were previously brought in his state post-conviction motion:

> (1) defense counsel coerced plea by telling petitioner he would not receive a state trial and would face new federal charges with a minimum mandatory 30 year sentence, and

> (2) trial counsel failed to depose state witnesses.

These claims were denied by the post-conviction court without an evidentiary hearing.  An evidentiary hearing was not necessary there, and is not necessary here, because both of these issues were explained in open court on the record.  The defense lawyer, Mr. Schemlier, was careful enough to place the federal government's agreement not to prosecute on the record. He confirmed that both he and the state prosecutor had received the same promise from the federal prosecutor:

MR. SCHEMLIER: (Defense counsel) If I could make one other statement.

THE COURT:        Yes, sir.

MR. SCHEMLIER:  That the Federal statute which is applicable to one of the charges here requires a mandatory minimum thirty-year prison sentence and we didn't engage in any type of discovery with regard to taking of depositions.  And that was because we were advised by the Federal prosecutor that once we participate in any type of significant adversarial discovery process, the Feds would pick up the charges.  And he's entering a plea today because the Federal Government has agreed that they will not pursue such prosecution.

THE COURT:        Okay.

MS. OLSON: (State prosecutor) That's absolutely correct, Your Honor. I had many conversations with the Federal Prosecutor about this case, as well. And it was determined that we would proceed with State charges before the Federal Government became involved.  And if the discussions broke down at the State level that the Federal Government would definitely be proceeding in this case.

THE COURT:        Okay.

MR. SCHEMLIER: And Mr. Scheller's personally spoke (sic) with the Federal Prosecutor and confirmed all the representations made by Ms. Sarajane Olson.

Response, Appendix, Exh. D, pp. 21-22.

Ineffective assistance of counsel claims are governed by the Supreme Court case of

*Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail, a petitioner must show his

counsel was both deficient, that is fell below an objective standard of reasonableness, and

his conduct prejudiced him, that is the proceeding would have had a different result.  Here,

Shuster cannot show that his counsel's conduct or advice fell below an objective standard of

reasonableness.  Once counsel confirmed that what the state prosecutor had relayed about the prospects of a federal prosecution, he was certainly reasonable in recommending to Shuster that he accept a fifteen year state sentence followed by ten years of sex offender probation. And the state post-conviction court properly applied *Strickland* in so ruling.  Having failed to show ineffective assistance of counsel, Shuster's petition must be denied.

It is therefore ORDERED AND ADJUDGED that:

1.    The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2.    The Clerk is directed to enter Judgment in favor of Respondents and against Petitioner.

3.    All pending motions are denied as moot.

4.    The Clerk is directed to close this file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

It is further ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  *Id*.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id*. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v.*

*Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

      **DONE** and **ORDERED** in Tampa, Florida on December 21, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-443.Ocala Shuster.wpd*

-5-